UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

H. GAIDINE OGLESBEE,

    Plaintiff,

    v.

U.S. DEPARTMENT OF LABOR, *et al.*,

    Defendant.

NO. CV-08-5021-RHW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND COMPLAINT; ADDRESSING PENDING MOTIONS**

On April 11, 2008, Plaintiff filed a 86-page Complaint against the U.S. Department of Labor (DOL, subagencies, divisions, branches and programs of DOL, individual employees of DOL, and subdivisions and employee of the U.S. Department of Health and Human Services (HHS) (Ct. Rec. 1). Plaintiff also filed over two-thousand pages of exhibits to accompany her Complaint (Ct. Rec. 2, 3). Plaintiff is proceeding *pro se.*

On August 7, 2008, Defendants filed a Motion to Dismiss (Ct. Rec. 19). Defendants assert that Plaintiff's complaint fails to comply with the Federal Rules of Civil Procedure and they are unable to discern with any reasonable certainty the specific claims or bases for claims asserted in the Complaint. Defendants submit that although Plaintiff may have a cognizable claim against the Department of Labor, there are no set of facts which could warrant any viable claim against the individual government employees named in the Complaint or HHS and its subdivisions or programs.

The Court agrees that Plaintiff's Complaint fails to meet the pleading

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND COMPLAINT; ADDRESSING PENDING MOTIONS ~ 1**

standards of Rules 8(a), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure. The Court has carefully reviewed Plaintiff's Complaint and it appears that Plaintiff is asserting possible claims for constitutional violations, as well as arbitrary and capricious agency actions. For these reasons, the Court declines to dismiss the above-captioned Complaint with prejudice. Nevertheless, in order to proceed with her action, Plaintiff will be required to submit an Amended Complaint.

Plaintiff must provide Defendants with reasonable notice of her claims. To do so, Plaintiff must provide a **short** and **plain** statement of her claims, including:

1. The names of all persons or organizations that allegedly caused or participated in causing damage to Plaintiff. Any person or organization against whom Plaintiff seeks relief in this matter shall be named as a Defendant.

2. The approximate dates on which the allegedly injurious conduct took place, and an indication of whether the conduct is finished or ongoing.

3. The specific conduct or action Plaintiff alleges violated federal or state law, and the identity of the actors that engaged in such conduct.

The Amended Complaint shall set forth the factual allegations in separate numbered paragraphs pursuant to Fed. R. Civ. P. 10(b). It should be clearly designated as the "First Amended Complaint."

The Amended Complaint shall not include allegations of wrongdoing against non-parties unless those allegations must be stated to establish entitlement to relief. As the Supreme Court has explained, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim"; instead, "all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Amended Complaint need not include extensive factual history, reference materials, or other testimony unless necessary to indicate entitlement to relief. Plaintiff is instructed to read Forms 1-17 in the Appendix of Forms attached to the Federal Rules of Civil

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND COMPLAINT; ADDRESSING PENDING MOTIONS ~ 2**

Procedure for examples of properly pled complaints.

A significant portion of Plaintiff's Complaint includes Plaintiff's description of the Exhibits accompanying her Complaint. It is highly likely that these Exhibits are not proper under Fed. R. Civ. P. 8. Plaintiff is instructed that it is not necessary to include these descriptions in her Amended Complaint, nor is it necessary to re-file the Exhibits.[1]

Plaintiff filed several Motions for Joinder (Ct. Rec. 26, 40, 47). Plaintiff seeks to add an additional Plaintiff and additional five Defendants. Given that Plaintiff is permitted to file an Amended Complaint, this motion is now moot.[2]

Plaintiff filed a Motion to Compel (Ct. Rec. 11) in which she is seeking to compel counsel for Defendants to comply with the Federal Rules of Civil Procedure and to converse with the Court, not Plaintiff, and to compel this Court to respond to Plaintiff's Declaration talking points that concerns the existing biased, prejudiced, recusal orders and other historical biased and prejudiced conditions that exist. Plaintiff's requests are unavailing. Parties are prohibited from engaging in *ex parte* communication with the Court. Rather, parties are required to engage in communication with each other through counsel, and when a party is participating *pro se*, with the *pro se* party.

Plaintiff filed a number of motions that deal with various aspects of the proceedings. Many of the issues will be mooted upon Plaintiff filing her Amended Complaint and it is unclear whether the other issues will remain after the filing of the Amended Complaint. The motions are denied, with leave to renew.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (Ct. Rec. 19) is **GRANTED**.

---

[1] To the extent Plaintiff desires to refer to the Exhibits in her amended Complaint, Plaintiff can cite to the Court Record number, Exhibit number, and page number.

[2] The Court makes no findings as to whether these would be proper parties.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND COMPLAINT; ADDRESSING PENDING MOTIONS ~ 3**

2. Within **60 days** from the date of this Order, Plaintiff is directed to file an Amended Complaint consistent with this Order. Failure to do so may result in dismissal of the above-captioned action.

3. Plaintiff's Motion for Joinder (Ct. Rec. 26, 40, 47) is **DENIED** as moot.

4. Plaintiff's Motion to Compel (Ct. Rec. 11) is **DENIED**.

5. The Government's Motion to Strike (Ct. Rec. 23) is **DENIED**.

6. Plaintiff's Motion to Dismiss the Defendants' Motion to Dismiss Plaintiff's Complaint (Ct. Rec. 30) is **DENIED**.

7. Plaintiff's Motion for Order Re: Default, Negligence and Abuse (Ct. Rec. 36) is **DENIED**.

8. Plaintiff's Motion for Discovery (Ct. Rec. 41) is **DENIED**.

9. Plaintiff's Motion for Order Regarding Witness Anne Block's Statements of Material Fact / Findings Presented by Anne Block (Ct. Rec. 51) is **DENIED**, with leave to renew.

10. Plaintiff's Motion for Order to Counteract Any and All Bias and Prejudice Barriers (Ct. Rec. 56) is **DENIED**, with leave to renew.

11. Plaintiff's Motion for Order Re: Plaintiff's Response to Defendant Attorney DeRusha's Email Protests (Ct. Rec. 59) is **DENIED**, with leave to renew.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 23rd day of February, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Oglesbee\order.grant.dismiss.wpd

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND COMPLAINT; ADDRESSING PENDING MOTIONS ~ 4**