UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| H. GAIDINE OGLESBEE,<br><br>     Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF LABOR,<br>*et al.*,<br><br>     Defendants. | NO.  CV-08-5021-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR RECUSAL** |

On April 11, 2008, Plaintiff filed a 86-page Complaint against the U.S. Department of Labor (DOL, subagencies, divisions, branches and programs of DOL, individual employees of DOL, and subdivisions and employee of the U.S. Department of Health and Human Services (HHS) (Ct. Rec. 1). Plaintiff also filed over two-thousand pages of exhibits to accompany her Complaint (Ct. Rec. 2, 3). Plaintiff is proceeding *pro se.*

On February 23, 2009, the Court granted Defendants' Motion to Dismiss, but permitted Plaintiff to file an Amended Complaint (Ct. Rec. 64). The Court instructed Plaintiff that the Amended Complaint must contain a short and plain statement that included:

> 1.    The names of all persons or organizations that allegedly caused or participated in causing damage to Plaintiff. Any person or organization against whom Plaintiff seeks relief in this matter shall be named as a Defendant.
>
> 2.    The approximate dates on which the allegedly injurious conduct took place, and an indication of whether the conduct is finished or ongoing.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR RECUSAL ~ 1**

3.    The specific conduct or action Plaintiff alleges violated federal or state law, and the identity of the actors that engaged in such conduct.

*Id.*

The Court instructed that the Amended Complaint set forth the factual allegations in separate number paragraphs pursuant to Fed. R. Civ. P. 10(b).  The Court warned that failure to file the Amended Complaint consistent with the Order may result in dismissal of the action.  *Id.*

On April 22, 2009, Plaintiff filed her Amended Complaint (captioned "Revised Complaint").  The Revised Complaint contained 118 pages, along with 57 exhibits, totaling 1,967 pages.  Defendants again moved for dismissal.

Additionally, on April 23, 2009, Plaintiff filed a Motion that was captioned, Plaintiff's Objection Declaration Notice Facts RE: Judge Whaley's Abuse of Discretion Acts and Errors in Law.  The Court construes the motion as a motion for recusal.[1]

**1.    Defendants' Motion to Dismiss Revised Complaint**

Defendants move to dismiss with prejudice Plaintiff's revised complaint on three basis: (1) for failure to comply with the Court's order, pursuant to Fed. R. Civ. P. 41(b); (2) for failure to meet the pleading standards within Fed. R. Civ. P. 8(a), and (3) for failure to state a claim under Fed. R. Civ. P. 12(b)(1).

The Supreme Court has interpreted "short and plain statement of the claim" of Fed. R. Civ. P. 8(a) to require a Plaintiff to give the "defendant notice of what the plaintiff's claim is and the grounds upon which it rests."  *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007).  The Court has further explained that detailed factual allegations are not required but a showing of "grounds" calls for sufficient factual allegations that are enough to raise a right to relief above the speculative

---

[1]The Supreme Court has instructed that courts are to liberally construe pleadings by *pro se* litigants.  *Boag v. MacDougall*, 454 U.S. 364, 364 (1982).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR RECUSAL ~ 2**

1    level. *Id.* To survive a motion to dismiss, a complaint must contain sufficient

2    factual matter, accepted as true, to "state a claim to relief that is plausible on its

3    face." *Id.* As recently explained by the Court, when reviewing legal conclusions,

4    courts need not accept as true all of the allegations contained in the complaint.

5    *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the

6    elements of a cause of action, supported by mere conclusory statements, do not

7    suffice." *Id.*

8        Complaints that are so "verbose, confused, and redundant that its true

9    substance if any is well disguised" should be dismissed under Fed. R. Civ. P 8.

10   *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1130 (9th Cir. 2008) (*citing*

11   *Gillibeau v. City of Richmond* 417 F.2d 426, 431 (9th Cir. 1969)). However,

12   excessive length alone is not a sufficient basis for finding a violation of Fed. R.

13   Civ. P. 8(a). *Id.*

14       Pursuant to Fed. R. Civ. P. 41(b), a defendant may move to dismiss an action

15   if Plaintiff has failed to comply with a court order. In this case, the Court gave

16   specific instructions to Plaintiff in an effort to assist Plaintiff in compliance with

17   Fed. R. Civ. P. 8(a) and 10. The Court finds that Plaintiff's revised complaint fails

18   to follow the Court's directives and is in violation of Fed. R. Civ. P 8(a).

19   Plaintiff's revised complaint fails to put Defendants on notice of the claim and the

20   grounds upon which they rests. Plaintiff fails to provide factual allegations that are

21   sufficient to raise a right to relief above a speculative level and instead makes a

22   myriad of conclusory statements. For instance, Plaintiff asserts that various torts

23   were committed without providing the factual allegations underlying the torts.

24       In determining whether dismissal under Fed. R. Civ. P. 41(b) is appropriate,

25   the Court considers five factors: (1) the public's interest in expeditious resolution

26   of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

27   the defendants; (4) the public policy favoring disposition of cases on their merits;

28   and (5) the availability of less drastic alternatives. *Yourish v. California Amplifier*,

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING
PLAINTIFF'S MOTION FOR RECUSAL ~ 3**

191 F.3d 983, 990 (9th Cir. 1999) *(quoting Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1988)).  Dismissal is appropriate if four or more of these factors support dismissal, or if three or more factors strongly support dismissal. *Hernandez,* 138 F.3d at 399.  "Dismissal is a harsh penalty and, therefore, it should only be imposed in *extreme circumstances.*"  *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992) (emphasis in original).

Here, the Court finds that each of the factors supports dismissal of the claim. Plaintiff has been given ample opportunity to present her claims in a proper fashion to permit both Defendant and the Court to respond and resolve the issues.  Plaintiff is not a stranger to filing complaints in the Eastern District of Washington, and thus, she has had previous experience with the Local Rules and the Rules of Federal Procedures.  *See* CV-99-5035-EFS; CV-00-5012-EJL; and CV-00-5028-RHW.  Plaintiff has continued to submit pleadings that are excessive in length, which increases the workload of the Court's staff.  Defendants would be prejudiced by further lenience from the Court.  Although the Court favors the disposition of a case on the merits, in this case, it is an impossible task given that Defendants and the Court are unable to determine the nature and scope of Plaintiff's claims. Ruling on the merits of undecipherable claims is virtually impossible.

In this case, Plaintiff's Revised Complaint fails to meet the standards set forth in Fed. R. Civ. P. 8(a).  In doing so, Plaintiff violated the Court's Order.  As such, dismissal is appropriate.

**2.    Plaintiff's Motion for Recusal**

Under 28 U.S.C. §§ 144, and 455 a plaintiff may ask the court to remove itself from a particular action because of personal bias or prejudice concerning a party.

Section 144 requires that the party timely submit an affidavit which states the facts and the reasons for the belief that bias or prejudice exists. 18 U.S.C. § 144.  An affidavit pursuant to this section is not legally sufficient unless it alleges

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR RECUSAL ~ 4**

1   facts that fairly support the contention that the judge exhibits bias or prejudice

2   towards a party that stems from an extra judicial source. *U.S. v. Sibla,* 624 F.2d

3   864 (9th Cir. 1980).

4         Section 455 is directed to judges and imposes a duty on the judge to

5   disqualify himself where the judge has a personal bias or prejudice concerning a

6   party.  28 U.S.C. § 455(b)(1). The test for personal bias in both § 144 and § 455 are

7   essentially the same. *Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

8         Here, Plaintiff has failed to support her contention that this Court is biased

9   or prejudiced against Plaintiff with evidence that stems from an extrajudicial

10  source, and as such, it is legally insufficient as a matter of law. § 144.  Moreover,

11  there is nothing in the record to suggest that the Court has a personal bias or

12  prejudice against Plaintiff.

13        Accordingly, **IT IS HEREBY ORDERED:**

14        1.    Defendants' Motion to Dismiss Revised Complaint (Ct. Rec. 71) is

15  **GRANTED**.

16        2.    Plaintiff's Motion for Recusal (Ct. Rec. 68) is **DENIED**.

17        3.    The above-captioned case is **dismissed** with prejudice.

18        **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

19  Order, forward copies to Plaintiff and counsel, and **close the file**.

20        **DATED** this 13th  day of August, 2009.

21

22                          *s/Robert H. Whaley*

23                          ROBERT H. WHALEY
24                          Senior United States District Judge

25

26  Q:\CIVIL\2008\Oglesbee\order.grant.dismiss2.wpd

27

28

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING
PLAINTIFF'S MOTION FOR RECUSAL ~ 5**